————o————

No. 5849.

## BENJAMIN F. HOWELL vs. FRANK ROUSEO.

### Syllabus.

1. Where an animal dies of a disease within three days after a sale, the presumption established by law is that the disease existed at the time of the sale.

2. This presumption can be rebutted only by showing that the disease *was contracted after the sale,* and the whole burden of proof rests on the seller.

3. The rule that the purchaser must give proper medical attention to a diseased animal, has no application to a purchaser who relies upon the assurance of his vendor that the animal's condition is not such as to require skilled attention.

Appeal from the Civil District Court for the Parish of Orleans, Division 'C', " No. 100,819, Hon. E. K. Skinner, Judge.

O. S. Livaudais, for plaintiff and appellee.

John L. Feliu, for defendant and appellant.

· His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

This is a redhibitory action and the essential facts may be briefly as follows:

Plaintiff purchased a horse from defendant on Sunday. The animal was delivered and paid for on Monday; he showed signs of sickness the same day, grew worse on the next, and died the day following; that is to say, within three days after the sale.

At the first sign of sickness defendant was notified, and assured plaintiff that they were of no consequence.

When the animal grew worse plaintiff called upon defendant who referred him to one of his employees, and the latter recommended a simple treatment to which he throught the symptoms would soon yield, but the horse died the next morning as aforesaid.

The evidence shows that the animal was subjected to no hard usage, or usage whatsoever, by plaintiff, beyond half an hour of light work the first day; and a **post-mortem** examination disclosed that the animal's death resulted, directly or indirectly, from disease.

The veterinary surgeons who made this examination are disagreed as to the precise nature of the disease, or the time at which the same was contracted; but it is sufficient for the purpose of this case that they **do** disagree.

For, the disease having manifested itself within three days after the sale, the law itself establishes a presumption that it existed at the time of the sale. **(C. C., 2530.)**

And such presumption, being one of **law**, dispenses with any further proof on the part of the purchaser **(C. C., 2287)**; thus putting the whole burden of proof on the vendor to rebut the presumption by establishing with legal certainty that the disease was **contracted after the** sale; and this he has not done.

Nor is there any merit in the contention that the animal should have been given the attention of a veterinary surgeon. The rule that a diseased animal must be given proper medical attention, has no application to a purchaser who relies upon the assurance of his vendor that the conditions are not such as to require skilled attention.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, June 2nd, 1913.